## BOARD OF COM'RS OF OKMULGEE CO.
### v. STATE ex rel. JACKSON et al.

No. 11914—Opinion Filed Nov. 8, 1921.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—"Hazardous Occupation" —Teamster for Road Grader.**

D. was engaged in hauling water for a steam engine used in pulling a road grader in the construction of a public highway. The team driven by D. became frightened at the noise made by the engine and ran away. D. was thrown from the wagon and injured. Held, that D., at the time of the injury, was engaged in a hazardous occupation as contemplated by the Workmen's Compensation Act.

2. **Same—Finality of Award by Industrial Commission — Action by Commission to Recover Award—Issues.**

The award made by the Industrial Commission under the Workmen's Compensation Act becomes final and conclusive, unless appealed from as therein provided; and in an action instituted by the commission as provided in the act to recover the amount of the award so made, the only question to be considered by the trial court in the absence of fraud is whether or not the commission had jurisdiction in the premises.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by the State, on the relation of W. C. Jackson et al., constituting the State Industrial Commission, for the use and benefit of F. Deal, against the Board of Commissioners of Okmulgee County, to recover on award of workman's compensation. Judgment for plaintiffs, and defendant brings error. Affirmed.

L. A. Wallace, for plaintiff in error.

Hughes & Dannenburg, for defendants in error.

PITCHFORD, J. This is an appeal from the district court of Okmulgee county, Oklahoma, complaining of a judgment rendered on the 18th day of May, 1920, in favor of the defendants in error, who were the plaintiffs in the lower court, and against the board of county commissioners of Okmulgee county, defendant in the lower court. For convenience, the parties will hereafter be designated as plaintiffs and defendant.

The action grew out of a personal injury sustained by F. Deal while engaged in work on a public highway, in Okmulgee county, and involves the construction of chapter 246, Sess. Laws of 1915. The accident occurred on June 26, 1919, while Deal was acting as a teamster in hauling water for a steam engine used in pulling a road grader in the construction of the highway. The team which Deal was driving became frightened at the steam engine and ran away, which caused him to be thrown from his wagon to the ground, thereby suffering the injuries complained of in the petition. In due time Deal filed a claim against the county with the State Industrial Commission. Thereafter, on the 18th day of August, 1919, the Industrial Commission made its award upon said claim by which it ordered the county of Okmulgee to pay the claimant compensation computed from the 10th day of July, 1919, at the rate of $10 per week, and until the final termination of his disability, and for the payment of all medical treatment during the first 15 days after the accident. The instant action followed as a result of the failure of the board of county commissioners to pay the claimant the amount awarded him or any part thereof. A jury trial was waived, and the cause was tried to the court. The plaintiffs recovered a judgment against Okmulgee county in the sum of $5,000, and the cost of the suit. From the order denying its motion for new trial, the defendant prosecutes this appeal.

The defendant contends that work upon the public highway does not come within the terms of "hazardous employment" as contemplated by the Workmen's Compensation Act, and as a consequence it would not cover injuries sustained by an employe of the county engaged in the construction or repair of public roads at the time of injury. The act referred to is found in Sess. Laws of Oklahoma, 1915, p. 574, section 2, which reads as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employes engaged in the following hazardous employment, to wit: Factories, cotton gins, mills and workshops where machinery is used; printing, electrotyping, photograving and stereotyping plants where machinery is used; foundries, blast furnaces, mines, wells, gas works, water works, reduction works, elevators, dredges, smelters, powder works; laundries operated by power; quarries; engineering works, logging, lumbering, street and interurban railroads not engaged in interstate commerce, building being constructed, repaired or demolished, farm building and farm improvements excepted, telegraph, telephone, electric light or power plants or lines, steam heating or power plants, and railroads not engaged in interstate commerce. If there be or arise any hazardous occupation or work other than those hereinabove enumerated it shall come under this act."

It is true work on a highway is not specifically mentioned as a hazardous employ-

ment in the act, and if we are to be governed only by a strict construction of the language contained in section 2, in all probability we would be forced to hold that the work in which Deal was engaged at the time he received the injury complained of would not be covered by the provisions of the act. But when we consider the purposes to be subserved, and the object of the Legislature in enacting the Workmen's Compensation Laws, we are able to appreciate the humanitarian motives prompting the passage of the act. The law as enacted is for the protection of the injured workmen, who in the great majority of cases are dependent upon their daily wage, not only for the support of themselves, but likewise for the support of their families. The act, as we construe the same, is intended to cover all accidental injuries received by employes in any kind of hazardous employments enumerated in section 2, where the work performed by such employe is of a manual or mechanical nature. The act must be construed as a whole, and from the entire act deducing, if we can do so, just what is embraced within its terms.

Section 11 of the act provides as follows: "In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"(1) That the claim comes within the provisions of this act.

"(2) That sufficient notice thereof was given.

"(3) That the injury was not occasioned by the willful intention of the injured employe to bring about the injury of himself or of another.

"(4) That the injury did not result solely from the intoxication of the injured employe while on duty.

"(5) That the injury did not result directly from the willful failure of the injured employe to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the Labor Commissioner."

The term "employer," as used in the act, includes the state, county, city, or any municipality when engaged in any hazardous work within the meaning of the act in which workmen are employed for wages.

Section 13 of the act provides that the award of the Industrial Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless appealed from as therein provided. In the instant case the county failed to make any defense before the commission,

and failed to appeal from the finding or award of the commission. It therefore follows that the only question for our determination is whether or not the work in which Deal was engaged at the time of his injury is included within the terms of section 2, supra.

It is further provided by the act, if payment of the award is not made, that the amount awarded by the commission shall constitute a liquidated claim for damages against the employer, which may be recovered in an action to be instituted by the commission in the name of the people of the state; the compensation recovered by the commission to be paid to the person entitled thereto in accordance with the award.

As we have before stated, the word "highway" or public road" is not specifically mentioned in section 2, supra, but the act does include any employe engaged in working a quarry, which is designated as a hazardous employment. "Quarry" is defined by the act as an opening or cut from which coal is mined, or clay, ore, mineral gypsum, gravel, sand, or rock is cut or taken for manufacturing, building, or construction purposes. "Construction work" is defined by the act as improvements or alteration of building, structures, streets, highways, etc. In fact, all work seems to be considered as hazardous work under the act where machinery is used in the prosecution of the work; the only exception being farm building and farm improvements; but it has been held in numerous decisions in other states that this exception does not obtain where the work on the farm is done in connection with machinery. Rainey v. State Industrial Acc. Commission et al. (Ore.) 166 Pac. 523; In re Boer (Ind.) 117 N. E. 507.

The case relied upon by the defendant for reversal is Board of Commissioners of Kingfisher County v. Grimes et al., 75 Okla. 219, 182 Pac. 897. In that case the plaintiff was employed by the county to survey a public road. The injury of which he complained was sustained while going to his work. The claim for recovery was based under the head of "engineering works," as contained in the statute. In delivering the opinion of the court, it was said:

"We are constrained to hold that the term 'engineering works,' as used in section 2 of the act, refers to establishments or places of business where engineering work is carried on, and does not include or refer to work of an engineer on a public highway."

The Grimes Case, supra, came before this court on direct appeal from the action of the State Industrial Commission, and this court had before it all the evidence concerning

the character of the employment in which the employe was engaged at the time of the injury. The decision in the Grimes Case might have been different had the evidence disclosed that the injury was received while the plaintiff was engaged in surveying, and that the injury was occasioned by reason of machinery used in the construction of roads. The compensation provided for injured workmen in the various hazardous employments specifically mentioned in the act is not confined to the employe operating the machinery, but applies to any employe regardless of any direct connection between the nature of the work of such employe and the machinery.

The case of Board of Commissioners of Cleveland County v. Barr et al., 68 Oklahoma, 173 Pac. 206, in many respects is similar to the instant case. Barr received injuries while engaged in doing blasting upon the state highway in Cleveland county, which had been declared a public highway by the board of county commissioners, for which injuries the State Industrial Commission awarded him compensation. From this award, the board of county commissioners appealed. In delivering the opinion the court said:

"It is provided in section 10, article 2, of the Workmen's Compensation Act that the decision of the Industrial Commission shall be final as to all questions of fact. Since it is conceded that George T. Barr was engaged in work on a state highway being improved under the directions of the board of county commissioners of Cleveland county, the only question presented by the appeal is whether the commission erred, as a matter of law, in holding that the said George T. Barr was an employe of Cleveland county while pursuing the work in which he was engaged at the time of his injuries."

In that case the only question at issue was as to the employment of Barr by the board of county commissioners. The question as to whether or not his being engaged in work on the public highway would be included under section 2 of the act was not raised. It seems to have been conceded that the act did cover work on the public highway.

The act in question, in order to effectuate the legislative intent, should be given a reasonable construction, and we are of the opinion that it is clearly deducible from the entire act that one working on a public highway is engaged in a hazardous occupation where a steam engine is used in connection therewith at the time of the injury, and particularly so where the injury resulted from the use of the engine.

It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

HARRISON, C. J., and McNEILL, ELTING, KENNAMER, and NICHOLSON, JJ., concur.