## BOARD of COM'RS of PAWNEE COUNTY v. WHITLOW et al.

No. 13356—Opinion Filed Jan. 2, 1923.

(Syllabus.)

**Master and Servant—Workmen's Compensation—Liability of Municipal Corporations.**

Except in certain circumstances, not shown to exist in the case at bar, the state, county, city, or any municipality is subject to the provisions of the Workmen's Compensation Law when engaged in any hazardous work within the meaning of the act, in which workmen are employed for wages.

Appeal from State Industrial Commission.

Action by the Board of Commissioners of Pawnee County to review an award of workman's compensation to R. D. Whitlow. Affirmed.

McCollum & McCollum, for petitioner.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

KANE, J. This is an appeal from the action of the Industrial Commission in allowing R. D. Whitlow compensation for personal accidental injuries received while in the employ of the board of county commissioners as a day laborer for wages engaged in the construction of public roads.

There is but one question presented for review, and that is whether the board of county commissioners, representing the county, is subject to the provisions of the Workmen's Compensation Act in the circumstances just disclosed. There are two cases decided by this court construing the act of 1915 which hold that it is. Board of Commissioners of Okmulgee County v. State ex rel. Jackson et al., 83 Okla. 48, 201 Pac. 998; Board of Commissioners of Cleveland County v. Barr et al., 68 Okla. 193, 173 Pac. 206.

To avoid the effect of these two cases as authorities, counsel for petitioner point out that the court in neither of them take into consideration or discuss the effect of subdivision 5 of section 3 of the Workmen's Compensation Law of 1915 upon the question involved, and say that this probably accounts for the conclusion reached. Subdivision 5 reads as follows:

"Employment includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain."

It is true that this subdivision of section 3 of the Compensation Law of 1915 in force when these cases were handed down was not adverted to by the court, but, in view of several important changes that have taken place in the Compensation Law as it now exists and as it existed when the injury in this case occurred, we do not deem it necessary to speculate as to what effect, if any, a consideration of it probably would have had on the conclusion then reached.

The present Compensation Law, chapter 14, Session Laws 1919, in force when the injury in this case occurred, is different in many respects from the act of 1915, and we think under its provisions there can now be little doubt of the liability of the state, county, or city, or any municipality when engaged in any hazardous work in which workmen are employed for wages.

Unlike the corresponding section of the act of 1915, section 2 of the new law specifically provides, among other things, that compensation shall be payable for injuries sustained by employes engaged in the "construction of public roads." Section 2 provides in part that "hazardous employment" shall mean manual or mechanical work or labor connected with or incident to the construction of public roads. Subdivision 3 of section 3 of the act of 1915, which was not affected by the passage of the new law, provides, in substance, that employer means a person, partnership, association, or corporation employing workmen in hazardous employments, and shall include the state, county, city, or any municipality when engaged in any hazardous work within the meaning of this act in which workmen are employed for wages; provided, however, that so long as by state law, city charter, or municipal ordinance, provision equal to or better than that given under the terms of this act is made for such employes injured in the course of employment, such

employes shall not be entitled to the benefits of this act.

But, counsel argue, inasmuch as prior to the enactment of workmen's compensation laws counties were not liable in damages for personal injuries inflicted on persons injured while engaged in the construction of roads, we cannot say that there is anything in the present compensation law which evinces a purpose on the part of the Legislature to change or abrogate this old and well-settled rule governing municipal liability.

We are unable to agree with this view of the law. We think a casual reading of the foregoing sections of the Compensation Law renders it reasonably clear that the Legislature intended that in certain circumstances not only the state but all of its governmental subdivisions shall be amenable to the provisions of the Compensation Law. And that this is a proper case for the application of the law seems equally clear.

The petitioner was engaged in the construction of public roads when injured. This, as we have seen, is one of the employments for which compensation is allowed. He was engaged in manual labor connected with the construction of public roads. That a person so employed is engaged in hazardous employment within the meaning of the act is also specifically settled by another provision of the act. And that, except in certain circumstances, not shown to exist in this case, the state, county, city, or any municipality stands upon the same plane as any other employer of labor in like circumstances is made clear by subdivision 3, supra.

In view of all of these clear and specific provisions of the law, and that in no circumstances can a county become an employer of labor for pecuniary gain, we must conclude that subdivision 5 relied upon by counsel was either repealed by implication by the new act or originally found its way by inadvertence into this otherwise harmonious system of laws.

From a consideration of the entire act, there can be no doubt that it was the intention of the Legislature in a proper case to make the Compensation Law applicable to the state and all her municipal subdivisions; and that it is only where these municipalities provide equal or better protection than that given under the Compensation Law that their employes engaged in hazardous employments shall not be entitled to the benefits of the act.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, NICHOLSON, and COCHRAN, JJ., concur.