## MARYLAND CASUALTY CO. et al. v. STEVENSON et al.

No. 21118.   Opinion Filed June 3, 1930.

J. S. Ross, S. J. Clay, and Jas. H. Ross, for petitioners.

Oliver C. Black, Breck Moss, and Mont R. Powell, for respondents.

HEFNER, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the respondent, Joe W. Stevenson. On the 21st day of September, 1928, the respondent suffered a personal injury while in the employ of the Lincoln Park Golf Club Company. The injury resulted in the total loss of the vision in his right eye.

The question presented for our consideration is whether or not a golf club, owned and operated as the Lincoln Park Golf Club was owned and operated, comes within the purview of the Workmen's Compensation Act.

Subsection 5 of section 7284, C. O. S. 1921, is as follows.

" ' Employment' includes employment only in a trade, business, or occupation carried on by the employer for pecuniary gain."

If the golf club is carried on for pecuniary gain, then the Industrial Commission had jurisdiction to make the award. If, however, it is not carried on for pecuniary gain, then it did not have such jurisdiction.

The land is owned by Oklahoma City. The golf club is owned and operated by a private corporation. Mr. Jackson, the secretary and manager of the Lincoln Park Club Company, testified that the club was incorporated as a nonprofit organization. A fee is charged for the privilege of playing golf. The evidence discloses there never has been any real surplus in the treasury. All the money collected, after paying the salaries and all charges, is put back in improvements on the golf course. The testimony of Mr. Jackson that the club was operated as a nonprofit organization is more or less a conclusion. Nevertheless it is not denied, and there is no evidence in the record to indicate that the club is organized and operated for pecuniary gain. The facts, as disclosed above, are practically all that the record contains in reference to how the club is operated or whether or not it is operated for pecuniary gain.

In the case of San Antonio v. Salvation Army, 127 S. W. 860, one of the Courts of Civil Appeals of the state of Texas held that a foreign corporation organized for benevolent, religious, or philanthropic purposes, required by its charter to set apart for such purposes its entire receipts, so that no member or employee shall receive any pecuniary profit, except reasonable compensation for services in effecting the purposes of the corporation, etc., is not a corporation for pecuniary profit within the Revised Statutes of 1895, arts. 745, 746, requiring foreign corporations for pecuniary profits to obtain a permit to transact business in the state, and need not obtain such permit as a condition precedent to its right to sue.

In the case of People v. Mezger, 90 N. Y. Supp. 488, 98 App. Div. 237, it was held by the New York court that where an academy was leased by the trustees to the principal, who conducted it under their supervision, they reserving all of their powers under the charter, the rental which they received from the principal, and which was applied by them to erecting buildings and improving the grounds of the institution, without any personal gain to themselves, was not a 'pecuniary profit," within the meaning of the law which provided for the taxation of educational institutions if any officer thereof shall be entitled to receive pecuniary profit therefrom other than reasonable compensation for services rendered in effecting its educational purposes.

While it is our duty to give the Compensation Laws of this state a liberal construction, this does not relieve the claimant from

proving facts sufficient to bring his cause within the meaning of the act.. Under the facts as disclosed by this record, and under the rule announced in the above cases, we do not think the Lincoln Park Golf Club Company is operated for pecuniary gain. Since we have reached that conclusion, it necessarily follows that the Industrial Commission had no jurisdiction to make the award. The order granting the award is vacated, with directions to dismiss the cause.

LESTER, V. C. J., and HUNT, CLARK, and SWINDALL, JJ., concur. MASON, C. J., and RILEY, CULLISON, and ANDREWS, JJ., absent.