## OKLAHOMA CITY v. STATE INDUSTRIAL COM. et al.

No. 21531. Opinion Filed April 28, 1931.

On Rehearing.

PER CURIAM. On rehearing, attention is called to the opinion of this court in Maryland Casualty Co. et al. v. Stevenson, 143 Okla. 285, 288 Pac. 954, as being directly in conflict with the opinion in this case. It is here asserted that subdivision 5, section 7284, C. O. S. 1921, reading as follows:

" 'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain"

—is controlling, and that the petitioner herein did not carry on the business of maintaining a city park for pecuniary gain and that for that reason the respondent herein was not within the terms of the Workmen's Compensation Act.

We do not agree with the contention of the petitioner and there is nothing in the opinion cited in conflict with the decision in this case. This cause is governed by subdivision 3 of section 7284, Id., which distinguishes cities from other employers and which, in our opinion, makes the Workmen's Compensation Act applicable when a city is engaged "in any hazardous work within the meaning of this act in which workmen are employed for wages," notwithstanding that the city is not carrying on "for pecuniary gain." The liberal construction necessary to be given the Workmen's Compensation Act impels us to hold that one employed by a city at or around a concrete mixer on a truck in putting in a concrete curb to a roadway through a city park is within the provisions of the Workmen's Compensation Act, notwithstanding that the city is performing the work other than for pecuniary gain.

The petition for rehearing is denied.