## BOARD OF COM'RS OF MARSHALL COUNTY et al. v. LACY et al.

No. 23607. Opinion Filed Nov. 29, 1932.

Rehearing Denied Dec. 27, 1932.

Thurman, Bowman & Thurman and E. C. Chastain, for petitioners.

Reuel W. Little, for respondent C. M. Lacy.

CULLISON, J. This is an original proceeding in this court to review an award of the State Industrial Commission made and entered April 9, 1932, in favor of C. M. Lacy, claimant herein.

The record discloses that said award contains, in substance, the following findings of fact: (1) That, on or about June 20, 1930, claimant received an accidental head injury while employed by respondent in a hazardous occupation; (2) that claimant was given medical attention by respondent, but did not realize the serious nature of his injury until May 25, 1931; (3) that by virtue of said injury and resulting disability, claimant has been totally and permanently disabled from the performance of ordinary manual labor since July 1, 1931; (4) fixing claimant's wages; and excused claimant's failure to give written notice to his employer and the Commission within 30 days after said injury, finding that the same had not been prejudicial to the substantial rights of respondent by reason of respondent having actual knowledge of the injury. Said order awarded claimant compensation at the rate of $9.23 per week for a period not to exceed 500 weeks, and ordered respondent and its insurance carrier to pay medical bills incurred by claimant.

The respondent board of county commissioners of Marshall county, and its insurance carrier, Union Indemnity Company, hereinafter referred to as petitioners, contend that said award should be reversed, and

allege as grounds therefor the following specifications of error:

(1) "The finding of the Commission that the claimant sustained an accidental injury on or about June 20, 1930, is not definite".

(2) "The finding of the Commission that the accident happened on or about June 20, 1930, is not reasonably supported by any evidence."

(3) "The title to the Workmen's Compensation Act only covers employees in 'hazardous industries.' The text of the act includes employees of counties. Counties are not hazardous industries."

(4) "The inclusion of counties in the Workmen's Compensation Act (section 13350, Oklahoma Statutes 1931) is in violation of section 26, art. 10, of the Oklahoma Constitution, in which it is provided that no county shall be allowed to become indebted in any one year in excess of the revenue for that year, unless by a vote of the taxpayers of the county."

(5) "The employment of the claimant by the county was not an 'employment' within the meaning of the Workmen's Compensation Act, because the bridge construction carried on by the county was not carried on for pecuniary gain."

(6) "The Industrial Commission erred in sustaining the objection of the claimant to Dr. Holland testifying as to his conversation with Mr. Little, the attorney for the claimant."

(7) "The finding of the Industrial Commission that the claimant has been permanently and totally disabled since July 1, 1931, is not reasonably supported by any evidence."

(8) "The Commission erred in overruling the motion of the county and its insurance carrier to set the case down for taking of medical testimony to be offered by them."

The first and second propositions, supra, will be considered together. The record discloses that the testimony of merchants, deputy sheriffs, doctors, the engineer on the job, one of the county commissioners, the claimant, his fellow workmen, relatives, and old-time acquaintances, was that the injury occurred on or about June 20, 1930. We believe the finding as to the date of injury is amply supported by competent evidence, and that the use of the customary phrase in legal papers of "on or about" a certain date is not sufficiently indefinite to constitute reversible error in the case at bar.

The third and fourth propositions, supra, attack the constitutionality of the Workmen's Compensation Act, and assert that the title of said act is insufficient to cover counties, and that the inclusion of counties under said act violates section 26, art. 10,

of our state Constitution, in which it is provided that no county shall be allowed to become indebted in any one year in excess of the revenue for that year, unless by vote of the taxpayers of the county.

We observe that the propositions of unconstitutionality, supra, were not raised before the Commission by the pleadings, or by argument, and that the same is not mentioned in the petition for review before this court. We further observe that the budget of the county commissioners was not introduced in evidence to show whether or not funds had been properly set aside to purchase compensation insurance to take care of this risk.

We are of the opinion that these questions are not properly before this court, and we are of the further opinion that the same are without merit under the facts and circumstances in this case.

Petitioner next contends that the employment of claimant by the county was not an "employment" within the meaning of the Workmen's Compensation Act, because the bridge construction carried on by the county was not carried on for pecuniary gain.

This question has been heretofore decided adverse to petitioner's contention by this court, in Board of Com'rs of Pawnee County v. Whitlow, 88 Okla. 72, 211 P. 1021, wherein this court held:

"Except in certain circumstances, not shown to exist in the case at bar, the state, county, city, or any municipality is subject to the provisions of the Workmen's Compensation Law when engaged in any hazardous work within the meaning of the act, in which workmen are employed for wages."

The court further said, in the body of the opinion:

"We think a casual reading of the foregoing sections of the Compensation Law renders it reasonably clear that the Legislature intended that, in certain circumstances, not only the state but all its governmental subdivisions shall be amenable to the provisions of the Compensation Law. * * * The petitioner was engaged in the construction of public roads when injured. This, as we have seen, is one of the employments for which compensation is allowed. He was engaged in manual labor connected with the constructoin of public roads. That a person so employed is engaged in hazardous employment within the meaning of the act is also specifically settled by another provision of the act. And that, except in certain circumstances, not shown to exist in this case, the state, county, city, or any municipality stands upon the same plane as any other employer of labor in like cir-

cumstances is made clear by subdivision 3, supra.

"In view of all these clear and specific provisions of the law, and that in no circumstances can a county become an employer of labor, for pecuniary gain, we must conclude that subdivision 5 relied upon by counsel was either repealed by implication by the new act or originally found its way by inadvertence into this otherwise harmonious system of law."

This court held in Whiteneck, Adm'x, v. Board of Commissioners of Woods County, 89 Okla. 52, 213 P. 865, that the county is not exempt from liability under the Workmen's Compensation Act by the provisions of subdivision 5, sec. 7284, Compiled Statutes 1921, when employing laborers on bridges or highways.

The seventh contention of petitioner attacks the finding of the Commission as to the extent of claimant's disability. The record discloses that claimant was struck on the head by the pointed part of a pinch bar, which fell some 15 feet, and that the only work claimant has performed since said injury was "keeping time" on the construction job, and that claimant is now unable to even do light housework, as a result of the injury.

We are of the opinion that the record contains competent evidence reasonably tending to support the findings of the Commission, and, under the uniform rule of this court in such cases, the same will not be disturbed on review. Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 P. 633.

The sixth and eighth propositions of petitioner question the rulings of the Commission on the rejection of certain evidence and the overruling of the motion of the county and its insurance carrier to set the case down for taking of medical testimony to be offered by them.

It does not appear that the Commission abused its discretion in the rulings complained of, and the contentions are regarded as being without merit.

The award is affirmed.

LESTER, C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (1) annotation in 54 A. L. R. 788; 19 R. C. L. 725; 28 R. C. L. 737; R. C. L. Perm. Supp. p. 6197; R. C. L. Pocket Part, title "Workmen's Compensation," § 33. (3) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6255; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.