**BOARD OF COUNTY COM'RS OF TULSA COUNTY v. BILBY et al.**

No. 26111.   Oct. 15, 1935.

Holly L. Anderson, Co. Atty., and Joe T. Dewberry, Asst. Co. Atty., for petitioner.

Parke Davis, L. O. Todd, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court to review an award made by the State Industrial Commission against the petitioner, Tulsa county, in favor of Floyd Bilby.

The State Industrial Commission made and entered an order and award on the 15th day of December, 1934, wherein they found that on the 11th day of September, 1934, the respondent was in the employ of Tulsa county and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law; and that on said date the respondent sustained an accidental personal injury arising out of and in the course of his employment, and awarded him compensation for temporary total disability.

The evidence as disclosed by the record shows that the respondent was engaged in operating a fresno in road grading work for Tulsa county at the time of the alleged injury; that the mule pulling the fresno jumped over a culvert, thereby jerking the respondent and wrenching or spraining respondent's back; that the injury was reported to the foreman within a few minutes after its occurrence, but that the respondent continued with his work for at least two days and was then sent to the county physician, one Dr. Roberts, for an examination and treatment; that the doctor took an X-ray picture of the respondent and advised him to go home and use hot towels on the injured portion of his body and gave him some medicine to take; that subsequently the respondent had treatments from a Dr. Chalmers; that respondent's wages while employed by Tulsa county were $3.20 per day; that he had worked only two or three days for Tulsa county; that prior thereto he had worked on C.W.A. and F.E.R.A. and in farming; the amount of the annual earnings of respondent was not shown, neither was there any testimony as regarding the average wages of others in the same employ or similar employment. The testimony of Dr. Roberts was to the effect that the injury was in the nature of a strain or sprain and was not serious and did not incapacitate the respondent for more than two weeks; that in his opinion the respondent was suffering from the effects of bad teeth and that after their removal the respondent would likely be incapacitated for a period of six months or such matter on account of toxic condition produced in the system by the respondent's teeth; that in his opinion the maximum disability on account of alleged injury would not exceed two weeks.

The State Industrial Commission by its order awarded the respondent twelve weeks' and two days' compensation at the rate of $12.31 per week, aggregating the sum of $151.82, computed from September 14, 1934, less the five-day waiting period to December 14, 1934, and ordered continued compensation until the further order of the Commission on account of temporary total disability found to have been incurred by the respondent.

For the review and vacation of this award the petitioner urges:

"First Proposition. That the State Industrial Commission was wholly without jurisdiction to enter an award against the county of Tulsa, because the county is not subject to the provisions of the Workmen's Compensation Act, and is in no manner liable for compensation to any employee engaged in road repair or construction work, and the award is therefore contrary to law."

In support of this above proposition the petitioner urges that, since in the construction of public roads a county is not engaged in a business for pecuniary gain, therefore, while the employment is among those enumerated in section 13349, O. S. 1931, that nonliability arises by reason of exception contained in subdivision 5 of section 13350, O. S. 1931. This identical contention was made to this court in the case of Board of Com'rs of Pawnee County v. Whitlow, 88 Okla. 72, 211 P. 1021, and was there decided adversely to the contention of the petitioner. In that case it was held:

"Except in certain circumstances, not shown to exist in the case at bar, the state, county, city, or any municipality is subject to the provisions of the Workmen's Com-

pensation Law when engaged in any hazardous work within the meaning of the act, in which workmen are employed for wages."

The same contention was again presented in Whiteneck, Adm'r, v. Board of Com'rs of Woods County, 89 Okla. 52, 213 P. 865, and therein the rule announced in the Board of Com'rs v. Whitlow, supra, was reiterated, and it was further said:

"The county is not exempt from liability under the Workmen's Compensation Act by the provisions of subdivision 5, sec. 7284, Compiled Statutes 1921, when employing laborers on bridges or highways."

Subsequent to these decisions in the above cases, in the case of Oklahoma City v. Foster, 118 Okla. 120, 247 P. 80, and Oklahoma City v. Baldwin, 133 Okla. 289, 272 P. 453, this court had occasion to distinguish between the corporate and governmental functions of a municipality and the resulting liability or nonliability depending upon the capacity in which the municipality was acting at the time, and these decisions have tinged some of the subsequent decisions of this court involving the provisions of the Workmen's Compensation Law so that at first glance there appears to be some confusion in the rule to be followed. For this reason we deem it advisable at this time to briefly review the prior decisions of this court and to restate the applicable rule so that no confusion can in the future arise on this particular question. We find that in Mashburn v. City of Grandfield et al., 142 Okla. 247, 286 P. 789, the distinction between the corporate and governmental functions of a municipality in connection with the Workmen's Compensation Law was first raised, and therein it was held:

"Under Comp. Stat. 1921, sections 7283-7284, a municipality becomes subject to the obligations imposed by the Workmen's Compensation Act only when such municipality is engaged in one of the hazardous occupations described or enumerated in said section 7283 of the Statutes."

After announcing the rule as above stated, the court held that, since the claimant in the case there under consideration was the town marshal and engaged in a strictly governmental function of the municipality, he was not within the occupations enumerated in the statute, and consequently not within the protection of the Workmen's Compensation Act. The rule thus announced was followed in the case of City of Ponca City v. Grimes, 144 Okla. 31, 288 P. 951.

Thereafter, in Oklahoma City v. State Industrial Commission, 147 Okla. 261, 298 P. 577, the case of City of Ponca City v. Grimes, supra, was distinguished, and the court held as follows:

"An employee working for a municipality constructing a street, highway, or sidewalk within a park owned and operated by said municipality, while so employed, was injured; held, that the same comes within the provisions of the Industrial Law of the state of Oklahoma defining 'hazardous employment.'"

Thereafter, on petition for rehearing, 147 Okla. 303, 298 P. 577, it was urged that subdivision 5, sec. 7284, C. O. S. 1921 (subdivision 5, sec. 13350, O. S. 1931), was controlling, and the court again answered it in the following language:

"One employed by a city at or around a concrete mixer on a truck in putting in a concrete curb to a roadway through a city park is within the provisions of the Workmen's Compensation Act, notwithstanding that the city is performing the work other than for pecuniary gain."

Thereafter, in the case of Board of Trustees of Crutcho Township v. State Industrial Commission, 149 Okla. 23, 299 P. 155, it was held:

"The state, county, city or any municipality is subject to the provisions of the Workmen's Compensation Act, when engaged in any hazardous work within the meaning of the act, in which workmen are employed for wages."

Shortly after the decision in the above-cited case, the question was again before this court in the case of City of Muskogee v. State Industrial Commission, 150 Okla. 94, 300 P. 627, and therein it was held:

"Under C. O. S. 1921, sections 7283 and 7284 (as amended by Laws of 1923, c. 61, secs. 1, 2), a municipality becomes subject to the obligations imposed by the Workmen's Compensation Act only when such municipality is engaged in one of the hazardous occupations described or enumerated in said section 7283 of the statutes.

"A person engaged in the street and sanitary department of a municipality is not an employee of the city as a workman for wages engaged in one of the hazardous occupations enumerated in the statutes; and, if injured in the course of his duties as such employee, is not entitled to recover compensation under the Workmen's Compensation Act."

While the conclusion reached in the above decision was correct and is properly exemplified in the syllabus thereof, in the body of

the opinion there appears certain language which is conflicting and tends to confusion, wherein it is said:

"We also observe that in the definitions as set out by the statute quoted above, 'hazardous employment' is defined as manual or mechanical work or labor connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in section 7283, C. O. S. 1921, as amended, with certain exceptions therein stated, and the word 'employment' is further defined as including 'employment only in a trade, business or occupation carried on by the employer for pecuniary gain.'

"It was the intention of the Legislature to include the trades or businesses operated for pecuniary gain and none other. They, in turn, could add the cost of their protection to the cost of the commodity produced and the public aids those persons injured while engaged in said hazardous industries."

And later on in the opinion the correct conclusion is announced in the following language:

"We note that the court makes a distinction between the functions of a city that are governmental and those that are corporate.

"When a municipality enters into the field of business enterprise, it assumes the same liability and responsibilities as an individual engaged in the same business enterprise.

"The municipality enters said business enterprise in its corporate capacity. Section 7283, C. O. S. 1921, as quoted above, names the following 'hazardous employments' in which a municipality may be engaged: 'Water-works * * * construction and engineering works, * * * construction of public roads, and electric light or power plants or lines.'

"And where a municipality is engaged in any of the above-mentioned hazardous employments as defined by statute, then said municipality would be liable under the Workmen's Compensation Law for accidental injuries received by employees while engaged in said employment. But if the injured employee is not engaged in one of the hazardous employments as quoted above, then said employee would not come within the scope of the Workmen's Compensation Law."

Thereafter, in the case of Board of Com'rs of Marshall County v. Lacy, 161 Okla. 138, 17 P. (2d) 398, the rule previously announced by this court in Whiteneck, Adm'x, v. Bd. of Com'rs of Woods County, 89 Okla. 52, 213 P. 865, and Bd. of Com'rs of Pawnee County v. Whitlow, 88 Okla. 72, 211 P. 1021, was re-announced and followed.

The distinction between governmental and nongovernmental functions was again before this court in City of Duncan v. Ray, 164 Okla. 205, 23 P. (2d) 694, and therein we held:

"In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O. S. 1931; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment,' as defined in section 13350, O. S. 1931.

"The employment by a city or town of a person as a traffic officer or policeman, is not an employment within the scope and terms of the Workmen's Compensation Law of this state, and an injury sustained by such person in the discharge of his duties as such traffic officer or policeman is not compensable under said law."

This question was again presented to this court in the case of City of Tulsa v. Hunt, 165 Okla. 262, 23 P. (2d) 640, and the rule announced in City of Muskogee v. State Industrial Commission, supra, was followed and adopted. Again the question of governmental and nongovernmental functions in connection with the Workmen's Compensation Law was presented in the case of Board of Commissioners of Garfield County v. Sims, 166 Okla. 298, 27 P. (2d) 633, wherein this court said:

"An employee who is employed by a county in performing the work incidental to a governmental function is not covered by the Workmen's Compensation Law and is not entitled under said act to receive an award from the State Industrial Commission for an injury received while so employed."

We think it is fairly deducible from a reading of the Workmen's Compensation Act itself and of the above-quoted decisions, that it was the purpose of the Legislature to place the employees of the state, county, city or any municipality on a parity with the employees of private industries whenever the state, county, city or any municipality is engaged in any of the occupations enumerated and specifically declared to be hazardous by the statutes. Where the occupation is such that it might be carried on by private individuals for pecuniary gain and is not peculiar to governmental functions, we are of the opinion that an occupation which ordinarily is carried on by pri-

vate persons for pecuniary gain does not lose its character as such when engaged in by the state, county, city or any municipality, and therefore is not excluded from the provisions of the Workmen's Compensation Act by reason of subdivision 5, of section 13350, O. S. 1931, but that said subdivision was intended to apply to organizations or associations operated and conducted solely for purposes wherein the element of pecuniary gain is entirely absent, and that a municipality when engaged in any of the occupations enumerated in section 13349, O. S. 1931, is so engaged for pecuniary gain and therein operates in its corporate and not in its governmental capacity.

Since construction of "public roads" is enumerated in the Workmen's Compensation Act as one of the hazardous occupations in which the employee shall be entitled to compensation under the provisions of the act, from what has been said above it is apparent that the contention of the petitioner as advanced under the first proposition herein is without support either in the law or the decisions of this court, and must be decided against the petitioner on this point.

The next proposition advanced by the petitioner is as follows:

"Second Proposition. That if the court should hold the county is subject to the provisions of the Workmen's Compensation Act, then the award in this case is erroneous, first, because the findings of the Commission are wholly unsupported by any competent evidence; and, second, because the Commission erred in computing the average wage of the claimant."

With this contention of the petitioner, we are constrained to agree. The alleged injury was of a character requiring skilled men to determine the extent thereof and had to be established by testimony of expert medical witnesses. Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P. (2d) 896; Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. (2d) 907. The only evidence before the Commission on this point is that of Dr. Roberts, who testified that the disability resulting from the injury would not exceed a period of two weeks; and the further testimony of the doctor that the disability in his opinion was due to disease rather than injury. As we view this record there was no competent evidence before the Industrial Commission reasonably tending to support the finding of twelve weeks' and two days' temporary total disability and the payment of continued disability benefits until further order of the Commission. And as we said in Superior Oil Co. v. Swimmer, 156 Okla. 71, 9 P. (2d) 707:

"Findings of fact made by the State Industrial Commission are conclusive where there is any evidence to support the same, but where there is an entire absence of evidence on which to base the material finding necessary to support an award of compensation, this court must declare as a matter of law that an award based on such unsupported material finding is unauthorized."

The award made to the respondent herein must be vacated for this reason.

It is further urged that there was error in computation of the compensation applicable to the respondent. It will be observed from the evidence that the respondent had not worked for the petitioner during the preceding year, nor had he worked in the same line of business, and there was no evidence before the Commission as to his earnings in other employment. We are of the opinion that the rule recently announced by this court in Milling Machinery et al. v. Thomas et al., 174 Okla. ___, 50 P. (2d) 395, is applicable, wherein this court said:

"Where an injured employee, entitled to compensation under the Workmen's Compensation law, has not worked at the employment in which he was engaged at the time of the injury during substantially the whole of one year next preceding the injury, and there is no evidence as to the wage or salary of an employee of the same class in the same or similar employment in the same or a neighboring place for substantially the whole of the next preceding year, and no showing is made that there was the same or similar employment in the same or a neighboring place for substantially the whole of one year next preceding the accidental injury, neither subdivision 1 nor 2 of section 13355, O. S. 1931 (7289, C. O. S. 1921), can reasonably and fairly be applied in arriving at the annual average earnings of the injured employee, and resort must be had to subdivision 3 of said section."

For the reasons above stated the award will be vacated and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Award vacated and cause remanded to the Industrial Commission for further proceedings not inconsistent with the views herein expressed.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.