MONTGOMERY v. STATE INDUSTRIAL COMMISSION et al.

No. 29787. April 14, 1942.

*124 P. 2d 726.*

Clell W. Babler, of Vinita, for petitioner.

Mac Q. Williamson, Atty. Gen., and Peyton Ford, Asst. Atty. Gen., for respondents.

GIBSON, J. This is an original proceeding commenced by an injured workman as petitioner to obtain a review of an order of the State Industrial Commission denying his claim for compensation against the State of Oklahoma.

Petitioner received an accidental personal injury while engaged as a carpenter in the workshop at the Eastern Oklahoma Hospital for the Insane. The workshop contained power-driven machinery and sufficient number of employees to bring it within the definition of hazardous employment as set out in 85 O. S. 1941 §§ 2, 3, and injuries received therein by workmen would ordinarily be compensable under the Workmen's Compensation Act. But the commission denied compensation on the theory as advanced by respondent that the workshop was an integral part of the hospital and therefore a governmental function of the state, and for that reason not within the act.

Though the state and all municipalities as employers are made subject to the act (sec. 3, supra), we have held on numerous occasions that the same does not extend to workmen employed in a governmental function of the state or municipality. Board of Commissioners, etc., v. Sims, 166 Okla. 298, 27 P. 2d 633, and cases there cited.

It is conceded that a hospital does not fall within the list of occupations designated as hazardous in the act (Hardy Sanitarium v. DeHart, 164 Okla. 29, 22 P. 2d 379), but it is asserted that the nonhazardous character of the main business is not material to the question of compensation where, as here, the department of that business in which the workman was employed and injured was in itself hazardous within the meaning of the statute. Our decisions support this contention. Mayo Hotel v. Barney, 181 Okla. 430, 74 P. 2d 621.

However, the above rule does not always apply to institutions conducted by the state or its political subdivisions. If the particular kind of institution is not classified by the act as a hazardous occupation, and the main function or business thereof is governmental in nature, all of its component parts or its departments necessarily incident to its proper operation are not within the act although such departments standing alone would be hazardous in nature. Such was the rule applied in Board of Commissioners v. Sims, above. The second syllabus in that case reads as follows:

"An employee who is employed by a county in performing the work incidental to a governmental function is not covered by the Workmen's Compensation Law and is not entitled under said act to receive an award from the State Industrial Commission for an injury received while so employed."

It was there held further that a county poor farm was a governmental function.

A hospital conducted by the state is likewise a governmental function. Pursuant to the command of the Constitution, sec. 1, art. 21, the hospital in this case was created by the Legislature, sec. 5095, O. S. 1931, 35 Okla. Stat. Ann. § 211 (Rep. 1941), and is now fully supported by state taxation.

The carpenter shop where petitioner was employed and in which he received his accidental injury was operated for the exclusive benefit of the hospital. It is clear that the maintenance of the shop enhanced the efficiency of the services of the entire institution, and therefore contributed to the welfare and comfort of the patients for whose sole benefit said institution was operated; it was necessary to the proper conduct thereof. Petitioner's duties were to maintain and repair the buildings and equipment, which required his services in the shop aforesaid. He received his accidental injury while using a buzz saw in the construction of a meat block for use in the hospital. In view of the very nature of the services to be performed by an institution of this character in caring for its patients, the maintenance of a workshop for the repair and upkeep of the buildings and equipment is not to be classed as merely incidental to such services, but as necessary thereto. In such an institution the managers or other employees should not be expected to abandon their duties and go out in search of workmen to perform necessary repairs to buildings and regular equipment. Without the shop in question the services in the hospital would be inadequate. We think this self-evident in view of the particular character of the services performed in said institution.

Petitioner cites a number of cases in support of his contentions, but urges mainly Oklahoma City v. Foster, 118 Okla. 120, 247 P. 80, the police car repair shop case. It was there held that the maintenance of a garage by the city for the repair of police cars was a non-governmental function, and that the city was liable in damages for the negligence of its employees in said garage.

So far as the question of governmental function is concerned, the repair of police cars clearly cannot be placed in the same class with the repair of buildings and equipment of an institution for the care and treatment of mental patients. The one may be incidental to the governmental function but not essential to proper operation, while the other is necessary. The distinction is too evident to require discussion.

The decisions in Oklahoma City v. Foster and Board of County Commissioners v. Sims can be reconciled. The operation and maintenance of a police department is clearly a governmental function. The operation of a garage for the sole purpose of repairing and servicing police vehicles may not be reasonably necessary to the efficient functioning of the department and incident thereto, dependent upon local conditions and necessities. So far as the decision in Oklahoma City v. Foster would hold that the operation of the garage was a proprietary function, the same is considered as not determinative as to an

issue concerning a repair shop used in connection with an eleemosynary institution.

Petitioner relies also on the rule announced in Board of County Com'rs of Tulsa County v. Bilby, 174 Okla. 199, 50 P. 2d 398, to the effect that the state, or any of its political subdivisions, acts in a corporate or proprietary capacity when engaged in any of the enterprises enumerated as hazardous in section 2, supra, and is subject to the provisions of the law, thus placing the state's employees who are engaged in manual or mechanical work connected with or incident to such hazardous employment on a parity with workmen engaged by private industry in the same occupation.

That case involved an injury received by a workman engaged in highway construction. The opinion apparently reached the proper conclusion, but the rule aforesaid was too broad in that it would apply the act to the state in all cases where the particular work of the employee is designated by the act as hazardous without regard to whether the principal or main enterprise to which such work is incident or connected is itself enumerated as hazardous. That is to say, the opinion would give to the act the interpretation that the Legislature intended that every character of enterprise or work mentioned therein, including "workshops where machinery is used," should be considered as proprietary and not governmental when such enterprise or work was conducted by the state, the counties, or municipalities. We think the language of the statute will not justify that interpretation.

We see in the Workmen's Compensation Law no indication of an intention on the part of the Legislature to create an entirely new liability against the state, county, or municipality, but merely a purpose to substitute a remedy whereby recovery for accidental injury might be had, without regard to ordinary negligence, for a remedy that may have theretofore existed in cases based upon actionable negligence. There was no intention to waive the immunity of the state, county, or municipality from claims for injuries arising out of the performance of their governmental functions.

In the Sims Case the court in considering a similar situation said that the work being performed at the time of the accident was "clearly of such a character not to fall within the provisions of the Workmen's Compensation Law even if it was hazardous; that is, it is clearly an employment or duty, hazardous or otherwise, for which it was never the intention of the Legislature that the county should be liable under the Workmen's Compensation Law." The reason for the court's conclusion was that the work being performed was incidental to a governmental function.

We have said on a number of occasions that the construction of highways is a proprietary and not a governmental function (see Sims Case, above). Therefore, the decision in the Bilby Case is correct. But the construction of highways by the state is not to be classified as a proprietary function merely because the same is enumerated as a hazardous occupation by the statute. A "workshop where machinery is used" is also designated as hazardous, but this does not mean that such a shop may not be operated by the state as a governmental function. If the shop is conducted wholly in connection with and as a part of a governmental function and not in competition with private enterprises of a like character, the same is incidental to a governmental function and not affected by the Workmen's Compensation Law.

It was not necessary to the decision in the Bilby Case to hold that all the occupations enumerated as hazardous in section 2 were corporate and not governmental functions when operated by the state, county, or city. To that extent the rule is modified, and is restricted to the question there determined. And this we apply as well to the case of Payton v. City of Anadarko, 179 Okla. 68, 64 P. 2d 878, wherein the rule in the Bilby Case is reannounced.

The order is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, and BAYLESS, JJ., concur. HURST, DAVISON, and ARNOLD, JJ., dissent.