Samuel T. THIGPEN, Petitioner,

v.

BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, Oklahoma, and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 35735.

Supreme Court of Oklahoma.

Dec. 14, 1954.

**993**

repairing the men's ward of a building located on the county poor farm maintained by Oklahoma County.

The trial commissioner awarded compensation. The award, however, was vacated on appeal to the Commission en banc. The Commission in lieu of the finding and award of the trial commissioner found that at the time petitioner received the injury to his right hand he was engaged and employed in repair work incidental to a nonhazardous governmental function, and his claim did not come within the purview of the Workmen's Compensation Act, and entered an order denying compensation.

Petitioner brings the case here to review this order. It is conceded by him that the county, in maintaining its poor farm, was engaged in a governmental function, but contends that when it engaged in the business of repairing the men's ward thereof, although the repair work was necessary and incidental to the maintenance of the poor farm, it was engaged in a proprietary, rather than a governmental capacity; that since the work petitioner was performing at the time he sustained his injury is classified as hazardous he was entitled to recover compensation for such injury. In support of this contention he relies upon 85 O.S.1951 § 3, Par. 3; Oklahoma City v. Foster, 118 Okl. 120, 247 P. 80, 47 A.L.R. 822; City of Muskogee v. State Industrial Commission, 150 Okl. 94, 300 P. 627; Board of Commissioners of Marshall County v. Lacy, 161 Okl. 138, 17 P.2d 398; Board of Commissioners of Tulsa County v. Bilby, 174 Okl. 199, 50 P.2d 398.

There is some language contained in the authorities cited which would appear to support his contention. However, in Montgomery v. State Industrial Commission, 190 Okl. 439, 124 P.2d 726, 727, we held:

"An employee who is employed by the State in performing work incidental to a governmental function of the State is not covered by the Workmen's Compensation Law and is not entitled under said Act to receive an award from the State Industrial Commission

Claud Briggs, Oklahoma City, for petitioner.

Granville Scanland, County Atty., Nathan S. Sherman, Asst. County Atty., Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

This is a proceeding by Samuel T. Thigpen to review an order of the State Industrial Commission denying him compensation on a claim filed by him against his employer Board of County Commissioners of Oklahoma County.

The evidence discloses that petitioner sustained an accidental injury consisting of an injury to his right hand while engaged in

for an injury received while so employed."

In that case it appears that an employee sustained an accidental injury while engaged as a carpenter in a workshop where machinery was used at the Eastern Hospital for the Insane.

It is contended by petitioner that the employment in which he was engaged at the time he sustained his injury is an employment defined as hazardous under the law, and he was therefore entitled to recover compensation. In disposing of a similar contention in the above case we said:

"It is conceded that a hospital does not fall within the list of occupations designated as hazardous in the Act (Hardy Sanitarium v. DeHart, 164 Okl. 29, 22 P.2d 379), but it is asserted that the nonhazardous character of the main business is not material to the question of compensation where, as here, the department of that business in which the workman was employed and injured was in itself hazardous within the meaning of the statute. Our decisions support this contention. Mayo Hotel v. Barney, 181 Okl. 430, 74 P.2d 621.

"However, the above rule does not always apply to institutions conducted by the State or its political subdivisions. If the particular kind of institution is not classified by the Act as a hazardous occupation, and the main function or business thereof is governmental in nature, all of its component parts or its departments necessarily incident to its proper operation are not within the Act although such departments standing alone would be hazardous in nature. Such was the rule applied in Board of Commissioners [of Garfield County] v. Sims, above [166 Okl. 298, 27 P.2d 633]. * * *"

In the Montgomery case, supra, while discussing the rule announced in Board of Commissioners of Marshall County v. Lacy, supra, we said:

"That case involved an injury received by a workman engaged in highway construction. The opinion apparently reached the proper conclusion, but the rule aforesaid was too broad in that it would apply the Act to the State in all cases where the particular work of the employee is designated by the Act as hazardous without regard to whether the principal or main enterprise to which such work is incident or connected is itself enumerated as hazardous. That is to say, the opinion would give to the Act the interpretation that the Legislature intended that every character of enterprise or work mentioned therein, including 'work shops where machinery is used', should be considered as proprietary and not governmental when such enterprise or work was conducted by the State, the counties or municipalities. We think the language of the statute will not justify that interpretation.

\* \* \* \* \* \*

"It was not necessary to the decision in the Bilby case to hold that all the occupations enumerated as hazardous in section 2 were corporate and not governmental functions when operated by the State, county or city. To that extent the rule is modified, and is restricted to the question there determined. And this we apply as well to the case of Payton v. City of Anadarko, 179 Okl. 68, 64 P.2d 878, wherein the rule in the Bilby case is reannounced."

In Board of County Commissioners of Garfield County v. Sims, supra, we held the maintenance of a county poor farm by the county constitutes a governmental function and that an employee who was generally and regularly employed in the road and bridge department of the county, and who sustained an injury while assisting in the moving of a poultry house on the poor farm by loading the bridge timbers at the highway bridge and carrying them to the poor farm was performing work incident to the maintenance of the poor farm and was therefore not entitled to recover compensation although the employment in which he was then engaged might be classified as hazardous. We think the above cases are decisive of the questions here presented. Since petitioner sustained his injury while

performing work incident to the maintenance of the county poor farm, a governmental function, he was not entitled to compensation and the Commission ruled correctly in so holding.

Order sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, O'NEAL and WILLIAMS, JJ., concur.

DAVISON and ARNOLD, JJ., concur by reason of stare decisis.

BLACKBIRD, J., dissents.

DAVISON, Justice (concurring specially).

I am of the opinion that the rule of law in this case is identical with the rule set forth in the case of Montgomery v. State Industrial Commission, 190 Okl. 439, 124 P.2d 726. I dissented in that case. At this time, however, I feel that I am bound to follow that case under the rule of stare decisis and I therefore concur in the present opinion.

I am authorized to state that ARNOLD, J., concurs specially for the same reason.