**BOARD OF COUNTY COMMISSIONERS, ROGER MILLS COUNTY, Oklahoma, Petitioner,**

v.

**Bee SIMS and The State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 37086.**

Supreme Court of Oklahoma.

May 8, 1956.

pensation stating that while employed as a laborer for Roger Mills County he sustained an accidental injury arising out of and in the course of his employment on May 5, 1953, when he injured his right foot. On the 21st day of June, 1955, the State Industrial Commission entered an award for temporary total disability. This award was affirmed by the Commission en banc and this proceeding is brought by the Board of County Commissioners of Roger Mills County, hereinafter called petitioner, to review this award.

The record discloses that on the 5th day of May, 1953, while employed with the county's road construction crew, claimant dropped a 4 x 4 board on his foot while working on a cattle guard on a road used as a temporary detour during the time a bridge was being repaired. The accident occurred at approximately 4:30 in the afternoon. He reported the accident to his foreman, Downey, who looked at the foot and saw a fresh bruised place. Afterward Claimant walked about three quarters of a mile home. He was treated by Dr. B in Cheyenne, Oklahoma. A few days thereafter he reported the accident to a member of the Board of County Commissioners. Dr. B placed the foot in a cast. The County paid claimant his salary until November 2, 1953, and thereafter paid for groceries at $10 per week. It also paid his doctor bills. At the time of this testimony on February 1, 1955, claimant was in the University Hospital at Oklahoma City where he was placed August 17, 1954, and was being treated for ulcers on the foot which developed after the accidental injury.

It is first argued that there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that there is a disability resulting from the accidental injury. Dr. B treated claimant from the first visit he made to him at Cheyenne, Oklahoma, after the accidental injury, and was the physician to whom all claims were paid by the County. This doctor stated that he treated claimant within four months prior to the filing of the claim on November 18, 1954. The doctor reviewed the nature of the

Leroy Vick, County Atty., Cheyenne, for petitioner.

Rollie D. Thedford, Mike Tapp, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On the 18th day of November, 1954, Bee Sims hereinafter called claimant, filed his first notice of injury and claim for com-

treatment and explained in detail the growth of ulcers causing the disability, and the effect of his testimony is that the accidental injury to the foot was in his opinion the precipitating cause of the disability. This testimony is sufficient to sustain a finding that the condition of the foot was caused by the accidental injury of May 5, 1953. In Nu-Way Laundry & Cleaners v. State Industrial Commission, 194 Okl. 101, 147 P.2d 795, a case in which similar testimony was given, we stated:

"Where an award is sought to be vacated on the ground that the expert's testimony was insufficient to establish a causal relation between a personal accidental injury and a subsequent disability, said award will not be vacated if the testimony of the expert witness establishes that the disability was the probable result of the injury."

■ It is next argued that no statutory written notice was given as required by 85 O.S.1951 § 24. The State Industrial Commission excused the giving of such notice on the ground that petitioner had knowledge of the accidental injury and was not prejudiced by the failure to give it. This finding is sustained by the evidence and will not be disturbed on review. Oklahoma Gas & Electric Co. v. Thomas, 115 Okl. 67, 241 P. 820; Skelly Oil Co. v. Grimm, 196 Okl. 122, 163 P.2d 234.

■ It is also argued that the claim is barred because it was not filed within one year as provided by 85 O.S.1951 § 43. This contention cannot be sustained. Claimant was paid until approximately November 1, 1953, by warrants issued on claims disclosing the payments were made for a disability due to a broken foot received in the course of his employment. Thereafter the doctor's claims were paid for treatment within four months of the claim filed herein. In Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okl. 213, 23 P.2d 381, it is stated:

"The right to claim compensation within the one-year limitation, provided by section 7301 C.O.S.1921 (St. 1931, § 13367), is tolled during the time when an employer voluntarily furnishes such employee medical attention to which he is entitled under the Workmen's Compensation Law."

See also, Gardner v. R. V. Dillard Drilling Co., Okl., 290 P.2d 139.

■ It is argued that the State Industrial Commission erred in finding that claimant was engaged in hazardous employment. Since, when injured, claimant was engaged in the repair of a public road, he comes within the Workmen's Compensation Law. Board of Com'rs of Pawnee County v. Whitlow, 88 Okl. 72, 211 P. 1021. See also, Whiteneck v. Board of Com'rs of Woods County, 89 Okl. 52, 213 P. 865; Board of Com'rs of Okmulgee County v. State, 83 Okl. 48, 201 P. 998.

■ Petitioner's concluding argument is that the provision in the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., for liability of a county conflicts with the constitutional provisions of section 26, art. 10, and section 57, art. 5. Each of these provisions was discussed in Board of Com'rs of Marshall County v. Lacy, 161 Okl. 138, 17 P.2d 398. See, also, Board of Com'rs of Cleveland County v. Barr, 68 Okl. 193, 173 P. 206. Since Board of Com'rs Cleveland County v. Barr, supra, this court has consistently recognized and enforced the liability of counties in workmen's compensation cases. We hold that there is no violation of either section 26, art. 10 or section 57, art. 5, in making a county liable under the Workmen's Compensation Law.

Finding no error in the award as made, the same is sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.