Dear Honorable Grimes,
The Attorney General is in receipt of your request for an opinion wherein you ask the following question:
"Does the Workers Compensation Act apply to churches and othernon-profit organizations?
The Workers Compensation Act (the "Act"), as originally enacted, Laws 1915, c. 246, Article I, Section 1 et seq., provided for the payment of compensation for injuries suffered by employees arising out and in the course of "hazardous" employment. Subsequently, the history of the Act, now codified as Title 85, Oklahoma Statutes, reflects periodical amendments which can only be said to reflect a legislative purpose to expand the provisions of the Act toward a concept of universal coverage.
The consummate expansion in the Oklahoma Act occurred in a vast restructuring of the Act in the 36th Legislature in 1977. Apart from the substantive and procedural changes in the Act, i.e., method of measurement of disability, rates of compensation, court organization, etc., the Act provided, by its own terms, for the periodical expansion of coverage from the limited "hazardous employment" concept to virtual universal coverage in 1979.
An understanding of both the historical antecedents and the methodology employed by the 36th Legislature are necessary to respond to your question. The great volume of case law, while supportive of the historical trail of expansion, has yet to consider the most recent reaches of the expanded coverage, hence your question.
Within the provisions of 85 O.S. 2, now fully executed and by its own terms repealed, the Legislature started with the coverage applying to certain enumerated "hazardous" employments. However, commencing July 1, 1978, the coverage expanded to include:
 ". . . any person employed in any work, trade, business or service not specifically enumerated in 85 O.S. 2 shall be entitled to the benefits of the Act, provided the employer had a gross annual payroll . . . of more than $100,000.00 for all employees." Emphasis added
Further, 85 O.S. 2 provided for its own repeal on January 1, 1979. Thereafter, 85 O.S. 2.1 became effective. The method of approval used by the Legislature in phrasing 85 O.S. 2.1 is helpful to an understanding of its purpose. Rather than expressing in affirmative terms the intended expansion of coverage, the Legislature took an exclusionary route, that is, all employees are covered except certain categories:
 "Commencing January 1, 1979, compensation provided for in the Act shall be payable to an employee for injuries arising out of and in the course of his employment. The Act shall not apply to the following employees: certain domestic workers, persons eligible for benefits under enumerated federal plans and certain agricultural/horticultural workers."
The only terms requiring definition, then, are "employee" and "employment."
An "employment" is defined as including a:
 ". . . worker or labor in a trade, business, occupation or activity carried on by an employer for pecuniary gain or any authorized voluntary or uncompensated worker rendering services as a fire fighter, peace officer or civil defense worker." 85 O.S. 3(5). Emphasis added.
Your accompanying brief exhaustively treats and correctly notes that, prior to the 1977 amendments our Supreme Court has faced the phrase "pecuniary gain" in determining whether an employee was injured in a covered "employment."
In 1930, the Court in Maryland Casualty Co. v. Stevenson, 143 Okla. 285,288 P. 954 (1930) held that the Industrial Commission lacked jurisdiction over a business "not carried on for pecuniary gain."
Subsequently, in Board of County Commissioners of Tulsa County v. Bilby, 174 Okla. 199, 50 P.2d 398 (1935), the Court stated that the exclusionary aspect of the definition of "employment" formerly 85 O.S. 3(5) (1971)
 ". . . was intended to apply to organizations operated and conducted solely for purposes wherein the element of pecuniary gain is entirely absent . . . ." 174 Okla. 203.
Notwithstanding that the principal business of the employer might be governed by a motive of pecuniary gain, our Court has held in numerous cases that where the activity conducted from which the injury arose was not connected with or incidental to an employment conducted for pecuniary gain, an injured employee was not covered. For the most recent pronouncements, see Lewis v. Montgomery Ward (Okla., 1962) 368 P.2d 995,997; Bilbrey v. Chastain (Okla., 1969) 459 P.2d 608. In both cases, the principal business was a profit oriented enterprise but two elements were absent: first, the principal enterprise was not a "hazardous" employment covered by the Act; second, the injury producing activity was not directed to the realization of a pecuniary gain incidental to the primary business of the employer.
The retention of the "pecuniary gain" aspect of the definition of employment is strangely inconsistent with the concept of universal coverage toward which the Legislature has been moving but the language is yet present and still must be regarded as applicable to the Act, particularly since the definition of employment was itself the subject of revision by the 1977 Legislature.
Paraphrased and construed together, the mandated coverage must be interpreted as requiring that compensation shall be payable only to an employee for injuries arising out and in the course of his work or labor in a trade, business, occupation or activity carried on by his employer for pecuniary gain.
The fact that the Oklahoma Legislature chose not to remove the jurisdictionally limiting language, particularly in light of its drastic revisions to the Act elsewhere, denotes a legislative purpose to exclude, in addition to those employments enumerated in 85 O.S. 2.1, activities carried on by an employer which are not done for pecuniary gain.
Whether a particular activity of a church or other non-profit corporation is for pecuniary gain would, of course, be a question of fact to be determined by the Workers Compensation Court as would, indeed, the determination of whether an employee of such an organization was injured in a covered activity. As to such questions of fact we are unable to render an opinion.
It is, therefore, the opinion of the Attorney General that theprovisions of the Workers Compensation Act, 85 O.S. 1[85-1] et seq. (1977)apply to workers whose injuries arise out of and in the course of atrade, business, occupation or activity carried on by his employer forpecuniary gain; to the extent that an employment cannot be said to beconducted for pecuniary gain, an injured worker is not entitled toreceive the benefits of the Act; whether the activity causing an injurywas conducted for pecuniary gain is a question of fact for determinationby the Workers Compensation Court.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MANVILLE T. BUFFORD, ASSISTANT ATTORNEY GENERAL CHIEF, CIVIL DIVISION