## OKLAHOMA CITY v. STATE INDUSTRIAL COM. et al.

No. 21531. Opinion Filed March 3, 1931.

Rehearing Denied April 28, 1931.

M. W. McKenzie and G. B. Fulton, for petitioner.

Arnold T. Fleig and D. H. Evans, for respondents.

CLARK, V. C. J. This is an original action brought in this court to review an order and award of the State Industrial Commission made and entered on the 17th day of June, 1930, in favor of respondent Joel Bridges, wherein respondent was awarded 20 per cent. permanent loss of sight or vision in the right eye, and 25 per cent. permanent loss of sight or vision of the left eye, which constituted an award of 45 per cent. loss of both eyes at the rate of $13.40 per week. The facts in the case disclose that Joel Bridges was working for petitioner putting in a concrete curb to a roadway through Rotary Park. The evidence further discloses that respondent was working at or around a concrete mixer on a truck; that while so employed cement blew into his eyes causing great pain and disability; that his eyes had occasioned him no trouble prior to that time; that he could see very little after the accident. Respondent testified that he received $3.50 per day.

Dr. Mussil testified that he found scar tissue and granulation in both of respondent's eyes, and the loss of 20 per cent. vision in the right eye and 25 per cent. vision in the left eye. He further testified that respondent's injury was permanent and would probably grow worse.

Petitioner contends that at the time of the occurrence of this accident, the respondent was an employee of the petitioner; that the petitioner, acting through its park department, was engaged in the discharge of a government function and not acting in its proprietary capacity for pecuniary gain, and for said reason is not liable to respondent and the Industrial Commission has no jurisdiction over this cause.

This court has held that the city was acting in a proprietary capacity in maintaining its parks. See the case of City of Sapulpa v. Young, No. 20699, decided January 20, 1931, 147 Okla. 179, 296 Pac. 418.

Was the respondent engaged in a hazardous occupation as defined by the Workmen's Compensation Law? Section 7283, C. O. S. 1921, as amended by chapter 61, sec. 1, Session Laws 1923, provides in part as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments: * * * Construction and engineering works."

Subdivision 14 of section 7284, as amended by c. 61, sec. 2, Session Laws 1923, defines "construction work" or "engineering work" as follows:

"Construction work or engineering work means improvement, alterations, or repair of buildings, structures, streets, highways, * * * and includes any other work for the construction, altering or repairing for which machinery driven by mechanical power is used."

We think the employment clearly comes within the statute. This court in Whiteneck, Adm'x, v. Board of Commissioners of Woods County, 89 Okla. 52, 213 Pac. 865, in the first paragraph of the syllabus reads:

"The state, county, city, or any municipality is subject to the provisions of the Workmen's Compensation Act when engaged in any hazardous work within the meaning of the act, in which workmen are employed for wages."

In the case of Board of Commissioners of Pawnee County v. Whitlow, 88 Okla. 72, 211 Pac. 1021, in the first paragraph of the syllabus this court said:

"Except in certain circumstances, not shown to exist in the case at bar, the state, county, city, or any municipality is subject to the provisions of the Workmen's Compensation Law when engaged in any hazardous work within the meaning of the act, in which workmen are employed for wages."

In the case of Board of Commissioners of Okmulgee Co. v. State ex rel. Jackson, 83 Okla. 48, 201 Pac. 998, this court held that an employee engaged in the construction of a public highway was engaged in a hazardous occupation as contemplated by the Workmen's Compensation Act. The respondent was engaged in constructing the highway or roadway, which is a public highway within the meaning of the law, by petitioner. He was assisting in the operation, working at and around the concrete mixer on a truck, which mixed three yards of concrete at one time. He received his injury while so engaged. We are therefore of the opinion that this comes clearly within the provisions of the Workmen's Compensation Act, and that he was engaged in a hazardous occupation within the meaning of the act at the time of the injury.

Petitioner cites the case of Ponca City v. Grimes, 144 Okla. 31, 288 Pac. 951, as an authority supporting its contention in this cause. The first paragraph of the syllabus of which reads as follows:

"A teamster engaged in hauling fertilizer for the upkeep of a public park is not an employee of the city as a workman for wages engaged in one of the hazardous occupations enumerated in the Workmen's Compensation Act, and if injured in the course of his duties as such teamster the Industrial Commission has no jurisdiction to award him compensation."

That case is clearly distinguished from the case at bar, as the injured employee in the Ponca City Case was a teamster hauling fertilizer and not mentioned as a hazardous employment in the statute. The other was assisting in the operation of machinery, mixing concrete, and building a public highway or public road, both of which come within the provisions of the act.

It appears that the Industrial Commission in finding the per cent. of loss of vision was in error. The Industrial Commission found that respondent had a loss of 20 per cent. of vision of the right eye and 25 per cent. of loss of vision of the left eye, which was adjudged to be permanent. The two were added together and found to be equivalent to 45 per cent. of the loss of vision of both eyes. The Commission was in error in fixing this amount. The two should be added together and divided by two, which would fix the loss of the use of such member or sight of an eye which the partial loss of use thereof bears to the total loss of use of such member or sight of an eye, which should be 22½ per cent. of 500 weeks, as our statutes provide 500 weeks to be paid for the loss of both eyes.

This question was before this court in Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 Pac. 293. The second, third, and fourth paragraphs of the syllabus read as follows:

"2. Under the provisions of the Workmen's Compensation Act (section 7290, C. O. S. 1921, as amended by Session Laws 1923, c. 61, sec. 6, a workman who loses both eyes in an accident arising out of his employment is entitled to recover two-thirds of his weekly wages for 500 weeks; and such workman is entitled to like compensation for 100 weeks for the loss of one eye. For the permanent partial loss of sight of an eye, compensation shall be paid during that portion of the number of weeks provided for the total loss of

such sight, which the partial loss thereof bears to the total.

"3. By section 3559, C. O. S. 1921, it is provided that in all statutes a word used in the singular number includes the plural and the plural includes the singular, except where a contrary intention plainly appears. It does not plainly appear that it was intended that the singular term used in the 17th paragraph of subsection 3 of section 7290, C. O. S. 1921, as amended by Laws 1923, c. 61, sec. 6, should not include the plural.

"4. Under Workmen's Compensation Act, there is a specific provision for the loss of an eye and another for the loss of both eyes. An award for partial impairment of both eyes should be fixed from the latter provision, and not by taking the award for the total loss of one eye and adding it to the award for the partial impairment of the other eye."

At page 304 (Pac. Rep. 295) the court further said:

"This is the construction the Industrial Commission has given to the statute, and the award made for the partial disability of the claimant is based upon the proportion of the total award which the partial loss of the use of claimant's two eyes would have borne to a total loss of them."

A careful examination of the record discloses that the award of the Industrial Commission is supported by competent evidence, and that the same comes within the provisions of the Workmen's Compensation Law.

The cause is in all things affirmed, except the computation of the amount of the loss. As to that the cause is reversed, with directions to the Industrial Commission to amend said award so as to conform to the views herein expressed, allowing the claimant 22½ per cent. of 500 weeks.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) 28 R. C. L. p. 718; R. C. L. Perm. Supp. 6188. (2) anno. 8 A. L. R. 1324; 24 A. L. R. 1466; 28 R. C. L. p. 819; R. C. L. Perm. Supp. p. 6242. (3) 28 R. C. L. p. 828; R. C. L. Perm. Supp. p. 6254; R. C. L. Continuing Perm. Supp. 1211.