## CITY OF TULSA v. WILKIN et al.

No. 33233. Feb. 1, 1949.

Rehearing Denied March 22, 1949.
Second Rehearing Denied April 26, 1949.

*205 P. 2d 295.*

R. L. Davidson, Jr., City Atty., and John T. Harley, B. M. Risinger, and Robert L. Wheeler, Asst. City Attys., all of Tulsa, for petitioners.

M. C. Spradling, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. On the 18th day of July, 1944, Frank S. Wilkin as claimant sustained an accidental injury when he was struck by a U. S. Army motor truck while engaged in his employment with the city of Tulsa. After conducting proceedings to determine the cause and extent of disability resulting from the accidental injury, the State Industrial Commission entered an award for claimant finding that by reason of said accident he had sustained a 75 per cent permanent partial disability and entered an award for payment accordingly. This proceeding is brought to review the award.

The cause and extent of the disability is not questioned.

In six propositions petitioner raises the single issue that the employment of claimant was not hazardous. It is therefore necessary to determine the nature of claimant's employment.

We have held that the court, in reviewing an award of the State Industrial Commission, will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact with relation thereto. Chatham v. Arrow Drilling Co., 183 Okla. 243, 80 P. 2d 944; Chicago Pneumatic Tool Co. v. McGrew, 178 Okla. 439, 63 P. 2d 749; McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32. In Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 P. 116, it is stated:

"Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits; but before one is entitled thereto he should be held to strict proof that he is in a class enbraced within the provisions of the law, and nothing can be presumed or inferred in this respect."

See, also, Chatham v. Arrow Drilling Co., supra; Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P. 2d 827; Mobley v. Brown, 151 Okla. 167, 2 P. 2d 1034.

Construction and engineering works is mentioned in 85 O. S. 1941 §2. Claimant asserts that the rule applied in Den-

bo v. Roark, 196 Okla. 386, 164 P. 2d 977, applies here. In that case, after referring to the pertinent portions of the statute, the court stated:

"The business of the respondent is not one of the industries, plants, factories, lines, occupations or trades mentioned in section 2, supra, as a hazardous employment but under the facts the respondent has elected to operate its business in such a way as to bring a portion of its business under said section governed by the phrase 'hazardous employment' as defined above."

The only evidence as to the employment is the evidence of the claimant and the assistant city manager. It is not in substantial conflict. It was to the effect that the city of Tulsa desired to lay concrete on some of the driveways to be used by the taxies and other vehicles in the operation of its airport; that for this purpose it had hired a contractor to complete this operation. In connection therewith it was determined that it would be for the benefit of the airport to lay a concrete apron for parking purposes on one portion of the airport. In order to complete this project it was necessary for the Southwestern Bell Telephone Company to have a survey made of an underground cable so that if anything happened to the underground cable a new cable could be laid in the same or approximate location. This concrete work was never done or completed and no cable was laid, but in order that the Southwestern Bell Telephone Company might have the necessary information the assistant city manager sent claimant, an assistant city engineer, to the location to take field notes and map out the location for the proposed cable. It was while he was in the position of kneeling making his survey and making notes that he was struck by a U. S. Army motor truck and sustained his injury. Both claimant and the assistant manager stated that it was also his duty, if the company making the repairs on the driveways needed them, to furnish some stakes to said company.

Several cases are cited in an effort to support claimant's proposition stated above in the citation of Denbo v. Roark, supra, to the effect that the employment of claimant was hazardous. Among them is Diamond Ice Co. v. Seitz, 188 Okla. 54, 105 P. 2d 784. They are to be distinguished from the case at bar because the employment of the persons therein was declared to be hazardous, and the work incident to and connected therewith was said to be hazardous employment. Claimant also cites State Highway Department v. Allentharp, 199 Okla. 78, 182 P. 2d 754. That case is distinguished from the case at bar for the reason that claimant therein was doing something incident to and connected with the employment by the State Highway Commission in the operation and construction of its highways, an admittedly hazardous employment under 85 O. S. 1941 §§2 and 3.

Assuming that the work done by the company employed to construct the driveways was hazardous, claimant was not employed by them in taking the field notes and fixing the lines for the Southwestern Bell Telephone Company in which cables were to be set. And in his employment with the city of Tulsa he was not doing anything incident to or connected with the employment or contractual obligation of that company. Assuming that the Southwestern Bell Telephone Company in laying its cables was doing hazardous work and that an employee engaged therein was covered by the Workmen's Compensation Law, the claimant in making the field notes and mapping the chart of the cable for the city of Tulsa was not doing anything incident to and connected with any hazardous employment for that company for which the city of Tulsa would be liable under the Workmen's Compensation Law.

In Board of County Com'rs of Kingfisher County v. Grimes, 75 Okla. 219, 182 P. 897, this court considered a somewhat similar set of facts. There-

in Grimes was sent to assist the county engineer in surveying a state highway. He was riding in a conveyance to his work. In vacating the award this court referring to the relevant statute defining hazardous employment said:

"This section of the act also provides if there be or arise any hazardous occupation other than those enumerated it shall come under the act. It is urged that work on the state highway is a hazardous occupation and is included under this provision of the section. This language must be construed, under the rule of ejusdem generis, with that more particularly described by the preceding words of the context. General words do not explain or amplify particular terms preceding them, but are themselves restricted and explained by the particular terms. This general language must be construed to include employments of the same general character, but not embracing every species of employment in which the services of others may be rendered."

Considering all the facts presented in this case, we are of the opinion that, as a matter of law, the facts as here presented do not bring the employment in which the claimant was engaged within the meaning of the term "hazardous employment" under the provisions of the Workmen's Compensation Act, and that the State Industrial Commission was without authority to make the award.

The award is vacated and the cause remanded to the State Industrial Commission, with directions to dismiss the claim.

DAVISON, C.J., ARNOLD, V.C.J., and CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.