The CITY OF TULSA, Oklahoma, a Municipal Corporation, Petitioner,

v.

The STATE INDUSTRIAL COMMISSION and Jesse M. Page, Respondents.

No. 37857.

Supreme Court of Oklahoma.

Nov. 19, 1957.

Rehearing Denied Dec. 17, 1957.

Darven L. Brown, City Atty., Henry Kolbus, Asst. City Atty., Tulsa, for petitioner.

Quinn M. Dickason, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

On December 9, 1955, Jesse Maurice Page, respondent herein, filed a claim for compensation against the City of Tulsa, Oklahoma, petitioner herein, claiming that on October 13, 1955, while in the employ of petitioner, City of Tulsa, and engaged in a hazardous employment he sustained an accidental injury arising out of and in the course of his employment consisting of an injury to his back and left leg; that such injury occurred while he was engaged in cutting down a tree located in the city park of said city; that he was using a power saw to do such work and lost control of the saw and was struck by it causing him to fall to the ground resulting in the injury and causing some permanent disability to his person.

At the close of the evidence the trial judge found that on October 13, 1955, respondent while in the employ of peti-

tioner, City of Tulsa, and engaged in a hazardous employment, sustained an accidental injury arising out of and in the course of his employment consisting of an injury to his back and left leg; that as a result of said injury he was temporarily totally disabled from October 13, 1955, to October 17, 1956, at which time temporary total disability ended; that petitioner was entitled to temporary total compensation for such period of time at the rate of $28 per week, which amount has been fully paid; that as a further result of said injury respondent sustained a ten per cent permanent partial disability to his body as a whole, for which he is entitled to compensation for 50 weeks at the rate of $28 per week or the total sum of $1,400. Upon such findings the Commission entered an award in favor of respondent, which was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this award and contends that it is not supported by the evidence and is contrary to law.

The facts are not in dispute. Respondent on October 13, 1955, while in the employ of the City of Tulsa, petitioner herein, sustained an accidental injury consisting of an injury as stated in his complaint. His general occupation was that of a tree surgeon. Prior to, and at the time he sustained his injury, respondent was employed in the petitioner's City Park Department. He was employed to trim trees in the city parks, but occasionally was assigned to other work. Prior to the time respondent sustained his injury petitioner had surveyed a right-of-way through its park, where it intended to construct a road leading to its museum. A number of trees were located in the right-of-way, and it was necessary to cut down and remove these trees before the road could be constructed. On the day respondent was injured he was directed by Mr. Cowan, maintenance foreman of the Park Department, to top the trees located in the right-of-way preparatory to cutting down and removing the trees in order that the road

might be constructed. While using a power saw in performing this work respondent lost control of the saw and it fell against him, causing him to fall to the ground and resulting in the injury sustained as stated in his claim. Petitioner was not at that time engaged in the actual construction of the road. The trees thereafter were removed from the right-of-way and the road was later constructed. It was not constructed by the Park Department of the city, but under the supervision of the Street Department.

The evidence shows that petitioner, City of Tulsa did not carry compensation insurance for its park employees, and the record does not establish that it obtained an own risk permit from the State Industrial Commission as authorized by 85 O.S. 1951 § 61, subd. (d).

Petitioner contends the above evidence is insufficient to establish that respondent was engaged in a hazardous employment at the time he sustained his injury, and in support of such contention cites and relies upon the following cases: City of Ponca City v. Grimes, 144 Okl. 31, 288 P. 951; Klein v. State Industrial Commission, 181 Okl. 395, 74 P.2d 386; City of Tulsa v. State Industrial Commission, 189 Okl. 73, 113 P.2d 987; City of Tulsa v. Wilkin, 201 Okl. 299, 205 P.2d 295. In the case of City of Ponca City v. Grimes, supra, we held that a teamster engaged in hauling fertilizer for the upkeep of a public park is not an employee of the city as a workman for wages engaged in one of the hazardous occupations enumerated in the Workmen's Compensation Act, and if injured in the course of his duties as such teamster the Industrial Commission has no jurisdiction to award him compensation.

In Klein v. State Industrial Commission, supra, we held that an employee engaged in cutting down a tree on the premises owned by an investment company was not performing labor in an occupation covered by the Workmen's Compensation Law defining hazardous employment.

In City of Tulsa v. State Industrial Commission, supra, we held the business of operating a public city park is not one of the businesses, trades, occupations, or lines included within the provisions of the Workmen's Compensation Law of this state.

In City of Tulsa v. Wilkin, supra, we held that an engineer, employed by the city to survey and mark out a line for the placing of a cable for a telephone company, is not an employee of said city engaged in a hazardous employment within the meaning of the Workmen's Compensation Law.

We do not think these cases controlling under the facts in this case. We think the evidence above detailed is sufficient to establish that respondent, at the time he sustained injury, was engaged in performing manual labor in connection with, and incident to, the construction of a public road and, therefore was engaged in a hazardous employment within the meaning of the Workmen's Compensation Law.

The statute, 85 O.S.1951 § 3, defines hazardous employment as follows:

"(1) 'Hazardous employment' shall mean manual or mechanical work or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in Section 13349, except employees engaged as clerical workers exclusively, and shall not include any one engaged in agriculture, horticulture, or stock raising or employees of steam railroads engaged in interstate commerce."

The construction of public roads is designated as a hazardous employment under section 2 of the Act, and under Section 3 thereof the term employer includes a city when engaged in a hazardous employment where workmen are employed for wages.

In State Highway Department v. Allentharp, 199 Okl. 78, 182 P.2d 754, we held:

"An employee who is engaged in performing mechanical labor in connection with or incident to the construction of public roads is engaged in a hazardous employment under the Workmen's Compensation Act. 85 O.S.1941 § 2."

In that case it appears the workman was an employee of the State Highway Department, and at the time he sustained his injury was engaged in exploring the earth strata for the purpose of obtaining data and information for the use and benefit of the Highway Department in the construction of its roads. Therein we held that the employee in doing such work was performing mechanical labor incident to and connected with the construction of public roads and, therefore, was engaged in a hazardous employment within the meaning of the Workmen's Compensation Act.

In this case respondent sustained his injury while engaged in cutting down and removing trees from an area surveyed by the City of Tulsa, petitioner herein, as a right-of-way for the construction of a road through the park. Thus it is seen that the facts in this case are somewhat similar to the facts in the Allentharp case, supra. Following the rule announced in that case, we hold that at the time he sustained his injury respondent was engaged in the performance of manual labor incident to and connected with the construction of a road through its city park, and was therefore engaged in a hazardous employment within the meaning of the Workmen's Compensation Act and entitled to recover compensation for disability sustained as a result of such injury.

On different occasions we have held that where an employee is engaged in manual or mechanical labor connected with and incident to a business defined as hazardous under the Workmen's Compensation Act such employee comes within, and is protected by the Act, although the work in which he was then engaged was not inherently hazardous. Wilson & Co., Inc., of Oklahoma v. Musgrave, 180 Okl. 246, 68 P.2d 846; Sowinski v. State

**316**

Industrial Commission, 197 Okl. 240, 169 P.2d 752.

In Oklahoma City v. State Industrial Commission, 147 Okl. 261, 298 P. 577, we held:

"An employee working for a municipality constructing a street, highway, or sidewalk within a park owned and operated by said municipality, while so employed was injured. Held, that the same comes within the provisions of the Industrial Law of the state of Oklahoma defining 'hazardous employment.'"

Petitioner does not contend that the evidence is insufficient to support the finding of the Commission as to the disability sustained by respondent as the result of his injury. We therefore deem it unnecessary to enter into a detailed discussion of this question. It is sufficient to say that the medical evidence supports such finding.

Award sustained.

DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.