Cletys R. MELROSE, Petitioner,

v.

OKLAHOMA COLLEGE FOR WOMEN and the State Industrial Court, Respondents.

No. 40637.

Supreme Court of Oklahoma.

July 7, 1964.

Miller, Melone, Wilson, Adams & Rogers, and Melvin J. Spencer, Oklahoma City, for petitioner.

Charles Nesbitt, Atty. Gen., of Oklahoma, and Charles L. Owens, Asst. Atty. Gen., for respondents.

IRWIN, Justice.

One Bob Richardson, the employer of claimant, Cletys R. Melrose, contracted with the Oklahoma College for Women, at Chickasha, Oklahoma, to paint certain buildings located on the campus of that institution. While Cletys R. Melrose, referred to as claimant, was painting one of the buildings, he fell from a scaffold and sustained injuries. Thereafter, claimant filed his claim for compensation against the respondent, the Oklahoma College for Women.

The trial judge, in his order awarding compensation to the claimant found:

"That the respondent contracted with one Bob Richardson for the repair, particularly for the painting, of one or more of respondent's buildings; and the said Bob Richardson in turn employed claimant and others to do the manual work of said painting—said Richardson did not carry Workmen's Compensation Insurance, and respondent did not so require.

"That respondent is a public governmental agency and contracted with said Richardson to do work for respondent, not in its governmental function, but in its proprietary function; that as to the claimant, the said Bob Richardson was the agent of respondent, and its independent contractor; and claimant was in fact and in law an employee of respondent.

"That under the Workmen's Compensation Law, if a governmental unit or agency such as the respondent engages in any hazardous work, even though it is not carried on for pecuniary gain, such unit or agency is liable to an employee for any injury suffered in the course of and arising out of said employment.

"That claimant did, as such employee of respondent, suffer a serious injury, in the course of and arising out of his said employment on July 11, 1961, as hereinabove set out.

"That as a result of said injury, claimant has been temporarily totally disabled since the date thereof and is still so disabled and in need of continuing medical treatment.

"That claimant is entitled to compensation for temporary total disability from July 11, 1961, to date, a period of 92 weeks, in the total amount of $3,220.00; and that claimant is further entitled to continuing compensation for temporary total disability from April 18, 1963, at the rate of $35.00 per week, for and during his period of temporary total disability, as a result of said injury, not to exceed 300 weeks.

"That respondent is liable for payment of all reasonable medical bills incurred by claimant for necessary medical treatment obtained as a result of said injury."

On appeal to the Commissioners en banc the trial judge's order awarding compensation was vacated and claimant's claim for compensation denied.

Claimant filed his Petition for Review and challenges the order of the State Industrial Court which vacated the trial judge's order awarding him compensation.

Claimant sustained his injuries while he was painting the trim of a building located on the campus of the Oklahoma College for Women. He testified "they were holding school for mentally retarded children" in the building.

Claimant contends respondent is liable under the terms of the Workmen's Compensation Act because he was injured while

engaged in hazardous employment at a state operated school for mentally retarded.

Title 85 O.S.1961 § 2, provides that persons "engaged in hazardous employment at state penitentiaries and reformatories, state mental hospitals, state schools for mentally retarded, * * *," are within the purview of the Workmen's Compensation Act.

The Oklahoma College for Women was established under the provision of Title 70 O.S.1961 § 1661 et seq., and its government is vested in a Board of Regents (see Sec. 1691). Sec. 1662 prescribes the purposes for which it was established. There are no statutory provisions which remotely suggest that the college is or could be considered a school for mentally retarded. The fact that the college may have been conducting a class for mentally retarded children, does not constitute such institution a school for "mentally retarded". We therefore conclude that liability cannot be imposed on respondent upon the grounds that it was a state school for mentally retarded.

Claimant next contends that respondent is an "employer" subject to the Workmen's Compensation Act, where, as here, claimant was engaged in hazardous employment pursuant to a proprietary function or activity. In this connection, claimant argues that although the operation of the college during the regular school year would not in itself be "hazardous work", respondent's paint shop is a department engaged in "hazardous work", within the meaning of the Workmen's Compensation Act; that neither respondent's paint department nor the painting work which claimant was doing was essential and integral to any governmental function of respondent; and that it constituted simply a hazardous, proprietary department and function subject to the Act. Claimant also argues that the painting was proprietary and was done by him as a private individual and was not a peculiarly governmental function; and the controlling issue is whether the employment in which the injured claimant engaged in was hazardous.

Prior to the amendment of Title 85 O.S. 1961 § 2, which extended the Workmen's Compensation Act to include persons engaged in hazardous employment at " * * state mental hospitals, state schools for mentally retarded, * * *" this Court promulgated the opinion in Montgomery v. State Industrial Commission, 190 Okl. 439, 124 P.2d 726, wherein claimant received an accidental injury while engaged as a carpenter in the workshop at the Eastern Oklahoma Hospital for the insane. Although the claimant received injuries under conditions that would ordinarily be compensable under the Workmen's Compensation Act, the Commission denied compensation on the theory that the workshop was an integral part of the hospital and therefore a governmental function of the state, and for that reason not within the act.

In considering the contention that the non-hazardous character of the main business was not material to the question of compensation where the department of that business in which the workman was employed and injured was in itself hazardous, we said "that such rule does not always apply to institutions conducted by the state or its political subdivisions. If the particular kind of institution is not classified by the act as a hazardous occupation, and the main function or business thereof is governmental in nature, all of its component parts or its departments necessarily incident to its proper operation are not within the act although such departments standing alone would be hazardous in nature." To sustain the above statement, we cited with approval the case of Board of Commissioners of Garfield County v. Sims, 166 Okl. 298, 27 P.2d 633.

The syllabus of the Montgomery case is as follows:

"An employee who is employed by the State in performing work incidental to a governmental function of the State is not covered by the Workmen's Compensation Law and is not entitled under said Act to receive an award from the

State Industrial Commission for an injury received while so employed."

Claimant contends the Montgomery case, supra, is not controlling in the instant proceeding because that case involved (1) a full-time employee of a government unit, (2) the work was essential to the functioning of the unit, and (3) the workshop was an integral part for the functioning of the hospital.

Without question, the operation of State educational institutions, such as the Oklahoma College for Women, is a governmental function. The amendment of Sec. 2, supra, did not extend the mandatory provisions of the Workmen's Compensation Act to include employees engaged in hazardous employment at State educational institutions. The maintenance and upkeep of buildings in a suitable condition to prevent deterioration and waste at a State educational institution are incidental to that institution's governmental function. Claimant was performing work incidental to the governmental function of the college when he sustained the accidental injuries.

Inasmuch as claimant is in no better position to place himself within the purview of the Workmen's Compensation Act than a full-time employee of the college could come within its purview, we can find no basis for a distinction between the Montgomery case and the facts presented here. Therefore, the ruling promulgated in the Montgomery case is applicable in the instant proceeding unless such ruling has been modified.

Claimant urges that the Montgomery case has been limited to its precise facts by the promulgation of City of Tulsa v. State Industrial Comm., Okl., 316 P.2d 612. In the City of Tulsa case, the claimant was injured while employed as a mechanic and working in the garage or workshop maintained by the City in the operation of its water department. In that case we said:

"Petitioner, arguing that it was performing a governmental function cites Montgomery v. State Industrial Comm.,

190 Okl. 439, 124 P.2d 726, 728. Therein we determined that a carpenter working in a carpenter shop operated by Eastern Oklahoma Hospital for Insane was not covered by the Workmen's Compensation Law.

"However, that case is distinguishable upon the facts. Therein, after referring to a police car repair shop case holding the repair of police cars to be a non-governmental function, we said:

" 'So far as the question of governmental function is concerned, the repair of police cars clearly cannot be placed in the same class with the repair of buildings and equipment of an institution for the care and treatment of mental patients. The one may be incidental to the governmental function but not essential to proper operation, while the other is necessary. The distinction is too evident to require discussion.' "

We can find nothing in the City of Tulsa case, supra, which limits or modifies our holding in the Montgomery case. On the contrary, we cited with approval the Montgomery case and again set forth a distinction between functions which are incidental but not essential to the proper operation of a governmental function, and those functions which are necessary and essential to a governmental function.

Claimant further contends that claimant's work as a painter could not be governmental for the respondent could not delegate a governmental function to a private individual.

In the instant action we are not concerned with the delegation of a governmental function to a private individual, but with the hiring of an individual to do a specific job which is incidental to a governmental function. In other words, claimant was injured while he was performing work which was incidental to the governmental function of the college, and the respondent did not delegate a governmental function to the claimant. Claimant has no greater right in the instant proceedings against

respondent than a full-time employee of respondent would have. Under the facts and circumstances in the case at bar, neither the claimant nor a full-time employee of respondent, who was injured under the circumstances in which claimant was injured, can come under the purview of the Workmen's Compensation Act.

Claimant in his reply brief argues that (1) The governmental immunity theory, properly restricted, does not apply under the facts and circumstances of this case, (2) The amendments to the Workmen's Compensation Act demonstrate dissatisfaction with the court-created doctrine of governmental immunity, and (3) The doctrine of governmental immunity is a court-made doctrine and can and should be abolished by the courts.

■ Our Workmen's Compensation Act is remedial in its objects and operation and should receive a liberal construction in favor of those entitled to its benefits; but before one is entitled thereto he should be held to strict proof that he is in a class embraced within the provisions of the Act, and nothing can be presumed or inferred in this respect. See City of Tulsa v. Wilkin, 201 Okl. 299, 205 P.2d 295, and Swyden Construction Company v. White, Okl., 383 P.2d 674.

Respondent does not carry Workmen's Compensation Insurance, and educational institutions, such as the respondent, are not within the purview of Title 85 O.S.1961, § 2. Whether workmen, such as claimant, should or should not have been embraced within the mandatory provisions of the Act is not for judicial determination, but such determination is vested solely within the wisdom of the Legislature. The claimant has failed to prove he is within a class embraced within the mandatory provisions of the Workmen's Compensation Act and is not entitled to compensation.

Order sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.