STATE PERSONNEL BOARD HEARING — PROCEDURE In a hearing conducted under 74 O.S. 833 [74-833] (1973), the appointing authority or the appellant may examine witnesses or present evidence not mentioned in the hearing examiner's report. The report and any attached exhibits are by law a part of the record of the hearing and it is not necessary for either side to move its admission. The Attorney General has considered your opinion request wherein you ask, in effect, the following questions: 1. In a hearing conducted under 74 O.S. 833 [74-833] (1973), may the appointing authority or the appellant examine witnesses or consider evidence which is not mentioned in the hearing examiner's report? 2. In a Section 74 O.S. 833 [74-833] hearing, is the hearing examiner's report and attached exhibits, by law, a part of the record, or must counsel for either side move its admission if so desired? The hearing examiner's report was instituted by 74 O.S. 833 [74-833] (1973), which provides in pertinent part: " . . . The Board shall consider a report of the circumstances of the case to be presented by a hearing examiner appointed by the Board. No hearing may be conducted unless a copy of the report is served upon all parties at least ten (10) days prior to the date of the hearing and unless such report states all sources of information contained in the report." This language is plain. The Board must consider the report, but the statute does not limit the hearing to only what the hearing examiner reports. The Legislature intended the hearing examiner's report to be merely a supplemental source of information to the Board, to insure that the Board was advised of all relevant facts in each case. The report does not limit or define the scope of the hearing. The thrust of the hearing examiner's report in Section 833 is to put more evidence before the Board, not to limit evidence that may be presented. Regarding your second question, Section 833 provides that the Board must consider their hearing examiner's report, and must grant an appellant a full hearing in accord with the Oklahoma Rules of Evidence. Both provisions of the statute must be followed. "It is a well established rule of statutory construction that a construction should be resorted to which renders every word and sentence operative, rather than one which renders some words in operative or nugatory." City of Tulsa v. Goins, Okl., 437 P.2d 257 259
(1967). Therefore, the hearing examiner's report is by law one basis of the Board's final decision in a case, and is a proper part of the record. Any attachments to the report are part of the report and also a part of the record. It is unnecessary for counsel on either side to formally move its admission. However, counsel on either side may object to all or any part of the report to preserve a possible error on appeal. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. In a hearing conducted under 74 O.S. 833 [74-833] (1973), the appointing authority or the appellant may examine witnesses or present evidence not mentioned in the hearing examiner's report. The report and any attached exhibits are by law a part of the record of the hearing and it is not necessary for either side to move its admission. (Daniel J. Gamino)