**Charline Louise WALLACE, Appellant,**

v.

**STATE of Oklahoma, ex rel. OKLAHOMA TOURISM AND RECREATION DEPARTMENT, Appellee.**

**No. 57918.**

Supreme Court of Oklahoma.

Dec. 6, 1983.

Rehearing Denied Feb. 21, 1984.

Clifton D. Naifeh, Carolyn Arthur, Legal Intern, Miller & Naifeh, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen. of Okl., Jerry C. Blackburn, Asst. Atty. Gen., Oklahoma City, for appellee.

HARGRAVE, Justice.

Charline Louise Wallace appeals a summary judgment granted the State of Oklahoma in an action brought in the District Court of Oklahoma County. For her cause of action against the State ex rel. Oklahoma Tourism and Recreation Department, she alleged in substance that she and her husband rented a cabin at Beavers Bend State Park and thereafter attended an open air theatre on September 11, 1978. That evening the program dealt with local wildlife. She alleged the program continued from evening into the night, and that after the program was finished she suffered a disabling fall in the course of exiting the theatre. Her total damage prayer was for $79,306.44, including personal injury and medical expenses. The petition contained an averment that the Department has consented to be sued by virtue of 74 O.S.Supp. 1947 § 356.2(5), 74 O.S.Supp.1964 § 1111, and 74 O.S.Supp.1972 § 1802–1810.

The defendant Department of Tourism answered this petition with a general denial, pled assumption of risk and alleged the fall was occasioned by plaintiff or unknown third parties. A further averment was made to the effect that if a defect did indeed exist, it was open and obvious and defendant had no notice thereof. Additionally, defendant pled sovereign immunity from suit, which averment was replied to by demurrer. This demurrer to the answer was subsequently overruled.

Interrogatories were propounded to plaintiff by defendant and were answered by the plaintiff. After pretrial, the defendant filed a motion for summary judgment, stating the stipulated facts and answers to interrogatories disclosed as a matter of law that the injury arose from the performance of a governmental function, therefore the doctrine of sovereign immunity applied to the plaintiff's claim. The defendant's brief to the trial court and this court argues in substance that here there is no insurance available to operate as a limited waiver of sovereign immunity and the operation of a state park is a governmental function.

In *State ex rel. State Insurance Fund v. Bone,* 344 P.2d 562 (Okl.1959), this Court held the operation of the *State* Insurance Fund, established by statute, was a business enterprise and not a governmental activity. Thus a tort action to recover damages for negligence would lie against the fund.

In the case of *Hershel v. University Hospital Foundation,* 610 P.2d 237 (1980), this Court determined the *state* was liable for tortious injury arising from proprietary functions. Not to so hold was determined to be contrary to Article II Sec. 6 of the Oklahoma Constitution declaring there shall be a remedy for every wrong. Thus the state is answerable for damages in this instance if the injury arose from a proprietary function of government. It was noted

in *City of Sapulpa v. Young*, 147 Okl. 179, 296 P. 418 (1936), at 437–438, that the authorities differ on the point of classification of parks as governmental or proprietary. There it was said the maintenance of a park is a voluntarily assumed duty. That fact, coupled with the harsh result of not holding the entity under a duty to use ordinary care in providing a safe place for recreation, mandated the adoption by this Court of the rule that operation of a city park is a proprietary function. The operation of a city park has been held to be proprietary in other cases from this jurisdiction. *City of Tulsa v. Goins*, 437 P.2d 257 (Okl.1967), *City of Guymon v. Finicum*, 265 P.2d 706 (Okl.1953), *Oklahoma City v. Pratt*, 185 Okl. 637, 95 P.2d 596 (1939), *Oklahoma City v. State Industrial Commission*, 147 Okl. 261, 298 P. 577 (1931).

The State of Oklahoma is liable for tortious injury arising out of a proprietary function, and this jurisdiction is committed to the rule that operation of a park is a proprietary function of government. It follows that the trial court erred in granting summary judgment in favor of the State of Oklahoma ex rel. The Oklahoma Tourism and Recreation Department on the basis of governmental immunity.

REVERSED AND REMANDED.

SIMMS, V.C.J., and HODGES, LAVENDER, DOOLIN and WILSON, JJ., concur.

OPALA, J., concurs in part and dissents in part.

BARNES, C.J., and IRWIN, J., dissent.